UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY N. SHEW,

        Plaintiff,

v.

COMMUNITY CHOICE
CREDIT UNION, et al.,

        Defendants.
_____/

Case No. 2:23-cv-12954
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO: (1) DENY AS MOOT DEFENDANTS' DECEMBER 12, 2023 MOTION TO DISMISS (ECF No. 5); (2) GRANT DEFENDANT DELUCA AND COMMUNITY CHOICE CREDIT UNION'S JANUARY 9, 2024 MOTION TO DISMISS (ECF No. 8); AND, (3) GRANT DEFENDANT JACOB CUNNINGHAM'S MOTION TO DISMISS (ECF No. 22)**

**AND**

**ORDER (1) GRANTING DEFENDANTS' JANUARY 9, 2024 MOTION TO STRIKE (ECF No. 9) THE JANUARY 3, 2024 AMENDED COMPLAINT (ECF No. 7); (2) DISREGARDING JANUARY 16, 2024 LETTER; AND, (3) STRIKING PLAINTIFF'S IMPERMISSIBLE SECOND RESPONSE BRIEF (ECF No. 26)**

I. **ORDER AND RECOMMENDATION**:

Defendant's January 9, 2024 motion to strike (ECF No. 9) is **GRANTED** and Plaintiff's January 3, 2024 Amended Complaint (ECF No. 7) is **HEREBY STRICKEN** as improperly filed. Likewise, Plaintiff's impermissible second

response brief (ECF No. 26) is also **STRICKEN** as improvidently filed. Finally, the Court will disregard the January 16, 2024 letter, as it is not in a proper form to request any relief from the Court. Plaintiff is **DIRECTED** to cease filing or communicating with the Court in letter form. Such communications are prohibited, as made clear in my Practice Guidelines for *pro se* and *habeas corpus* cases.[1]

I recommend that the Court **DENY AS MOOT** Defendant's December 12, 2023 motion to dismiss (ECF No. 5), as it was directed at a complaint which has since been amended and has been supplanted by a new motion to dismiss (ECF No. 8). I further recommend that the Court **GRANT** Defendant Community Choice Credit Union and Defendant Steven DeLuca's January 9, 2024 joint motion to dismiss (ECF No. 8) and **GRANT** Defendant Jacob Cunningham's February 20, 2024 motion to dismiss (ECF No. 22).

## II.  PROCEDURAL RULINGS AND RECOMMENDATIONS

On November 21, 2023, Plaintiff Larry N. Shew, proceeding *in pro per*, filed a lawsuit against Defendants Community Choice Credit Union ("CCCU"), Steven DeLuca, an attorney for CCCU, and Oakland County Circuit Judge Jacob J.

---

[1] http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51

Cunningham.[2]  On December 12, 2023, Defendant CCCU and Steven DeLuca filed a motion to dismiss (ECF No. 5).  On December 27, 2023 Plaintiff filed a "Revised/Amended Complaint."  (ECF No. 6.)  Federal Rule of Civil Procedure 15 states that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b) . . ."  Fed. R. Civ. P. 15(a)(1)(B).  Because Plaintiff timely filed an amended complaint within 21 days of Defendants' initial motion to dismiss, the December 27, 2023 amended complaint was filed as of right, and is **ACCEPTED AND DEEMED** the operative pleading.  As such, I recommend that the Court **DENY AS MOOT** Defendants' initial motion to dismiss. (ECF No. 5.)

Shortly after amending the complaint, Plaintiff filed yet another "Amended Complaint" on January 3, 2024.  (ECF No. 7.)  However, a party may amend their pleading as of right only *once* under Rule 15.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff had neither the Court's leave nor Defendants' consent; nor has Plaintiff filed any kind of motion to amend.  Thus, on January 9, 2024, Defendants CCCU and Deluca filed a motion to strike the improperly filed amended complaint. (ECF No. 9.)  The Court agrees that

---

[2] The original Complaint, as well as the docket and other miscellaneous filings, spell Judge Cunningham's name as "Cummingham" or "Cumminham." The Court will use the correct spelling of Judge Cunningham's name.

3

Plaintiff's second amended complaint, filed without permission, runs afoul of the Federal Rules.  As such, Defendants' motion to strike (ECF No. 9) is **GRANTED** and Plaintiff's January 3, 2024 second amended pleading (ECF No. 7) **IS HEREBY STRICKEN** as improperly filed.

On January 16, 2024, Plaintiff filed a letter enclosing a check for his filing fee and asking the Court to "disregard" earlier pleadings and to accept the "January 2, 2024" amended complaint.  (ECF No. 10.)  Parties are not permitted to send letters to the Court seeking action of this kind, and the only documents to be filed on the docket are those listed in the local rules or Federal Rules of Civil Procedure. The Court does not, and will not, act on letters and Plaintiff's January 16, 2024 letter (ECF No. 10) is **DISREGARDED.**

After the filing of the properly amended complaint (ECF No. 6), which is now the operative pleading, Defendants CCCU and DeLuca filed another motion to dismiss, which remains pending before the Court (ECF No. 8), and Defendant Cunningham filed a motion to dismiss on February 2024 (ECF No. 22).  Plaintiff filed timely responses to both motions (*see* ECF No. 17 & 25), but then inexplicably filed a second response to the initial motion to dismiss, two months later, on March 15, 2024 (ECF No. 26).  *See also* E.D.Mich.LR 7.1(d)(1) (allowing only motions, responses, and replies).  The Court does not freely permit sur-replies, as explained in my Practice Guidelines; and, in any case, ECF No. 26 does

4

not appear to be an attempted sur- reply, but rather, an additional and mostly duplicative response. Accordingly, Plaintiff's second response (ECF No. 26) is **HEREBY STRICKEN**.

### III. REPORT ON MOTIONS TO DISMISS (ECF Nos. 8 & 22)

#### A. Background

In the operative pleading (ECF No. 6), Plaintiff Larry N. Shew brings suit against Defendants for alleged violation of his due process rights under the 14th Amendment of the United States Constitution. Plaintiff bases his federal lawsuit on his dissatisfaction with a 2022 state court proceeding presided over by Defendant Jacob Cunningham, an Oakland County Circuit Court Judge. (ECF No. 6, PageID.82.) The lawsuit was initiated by Defendant CCCU, which was represented by Defendant Steven DeLuca, and involved a 2020 loan agreement for a recreational vehicle purchased by Plaintiff in Florida and financed by Defendant CCCU. (ECF No. 6, PageID.84.)

On January 17, 2022, Defendant CCCU filed an action for breach of the loan agreement, and Plaintiff filed a counter claim against CCCU. (ECF No. 6, PageID.87) Judge Cunningham set a pretrial hearing date, at which Plaintiff did not appear due to an illness. (ECF No. 6, PageID.88.) CCCU filed a motion for default judgment based on the failure, which Judge Cunningham granted. (ECF No. 6, PageID.88-89.) Plaintiff filed a motion to set aside the default judgment,

5

which Judge Cunningham denied. (ECF No. 6, PageID.89) Plaintiff alleges that Judge Cunningham violated his due process rights by granting the default judgment, by being biased, and by failing to allow Plaintiff an opportunity to argue the motion in his courtroom. (ECF No. 6, PageID.90.) Plaintiff also claims that CCCU was not entitled to possession of the vehicle, and that Attorney DeLuca concealed information in the state court lawsuit. (ECF No. 6, PageID.90)

Plaintiff seeks redress in federal court, specifically asking the Court to: (1) "provide relief for the loss of his property"; (2) "provide relief from over 3 years of emotional stress" and "the pain of depression and angry [sic] for being deprived of property; (3) "the loss of 3 years of his life from not being able to travel and enjoy his retirement"; and any "other appropriate relief as the interest of justice may require." (ECF No. 6, PageID.95.) All three Defendants have pending motions to dismiss. (ECF Nos. 8 & 22.)

B.    Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

7

"[A] motion to dismiss under Rule 12(b)(6) is generally not the appropriate vehicle to dismiss a claim based on an affirmative defense such as *res judicata*." *Mixon v. Trott Law, P.C.*, No. 19-1366, 2019 WL 4943761, at *2 (6th Cir. Aug. 28, 2019). "However, where a complaint 'shows on its face that relief is barred by an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate." *Id.* (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). "In evaluating a *res judicata* defense presented by way of a Rule 12(b)(6) motion, a court may take judicial notice of its own records and the records of other courts." *Scott v. City of Detroit*, No. 20-11572, 2021 WL 323756, at *2 (E.D. Mich. Feb. 1, 2021) (Goldsmith, J.) (citing *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015)).

### C. Analysis

#### 1. Motion to Dismiss filed by Defendant Community Choice Credit Union and Defendant Steven DeLuca (ECF No. 8)

Defendants CCCU and DeLuca make two arguments why the complaint against them must be dismissed. The Court should easily accept both arguments and dismiss the complaint against them.

##### a. State Actors

First, Defendants' argue that Plaintiff has not stated a valid claim against them. Plaintiff's complaint brings only one claim against all defendants: a claim

8

for violating his constitutional rights in connection with the state court action. Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983. "'Section 1983 provides a cause of action against any person who, under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution and federal law.'" *Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014) (quoting *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)). "Only claims against 'state actors' are eligible for relief under the statute." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020). Defendant argues that CCCU and DeLuca are not state actors and a § 1983 claim against them cannot be maintained. The Court should agree.

Plaintiff acknowledges that Defendant CCCU and its attorney DeLuca are private entities who can be held liable only if they qualify as state actors. (ECF No.17, PageID.171.). Indeed, "private actors may be subject to § 1983 claims if their conduct qualifies them to be considered state actors." *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 139–40 (6th Cir. 2023) (citing *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014)). "[A] private party's actions constitute state action under section 1983 where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (en banc) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). "There are three tests for determining whether a private actor may be treated as a state actor: the

9

public-function test, the state-compulsion test, and the nexus test." *Nugent*, 72 F.4th at 140.  Defendants argues that the face of the complaint establishes that they meet none of those tests:

> Here, neither Community Choice nor DeLuca is an organ of the state government. No provision in the Michigan constitution provides for these Defendants. Nor do these Defendants fit any of the three tests. There are no allegations that these Defendants, a credit union, and attorney in private practice, serve a function traditionally and exclusively performed by the State, that they were compelled to act by the State, or that there is any relationship between these Defendants and the State. Community Choice, a credit union, is a private financial institution and is not subject to a claim under 42 U.S.C. §1983. See e.g. *Foster v. Jeep Country Fed. Credit Union*, No. 3:21 CV 2402, 2023 WL 406051, at *6 (N.D. Ohio Jan. 25, 2023) ("This Court agrees that federal credit unions are not state actors.") *Duke v. Isabella Cnty.*, No. 07-12656, 2007 WL 2005042, at *1 (E.D. Mich. July 10, 2007) ("Finally, a bank is not a state actor, despite its extensive federal and state regulation, even when a bank's complained-of actions have been explicitly authorized by the state.") *Daniels v. Charter One Bank*, 39 F. App'x 223, 225 (6th Cir. 2002) ("[Bank] is not a state actor subject to liability under § 1983....") *Kelly v. Nat'l City Bank*, No. 14-CV-12337, 2014 WL 3687039, at *2 (E.D. Mich. July 24, 2014) ("[N]either Defendant National City Bank nor any of the other Defendants are state actors acting under color of state law, nor are they federal actors.").

(ECF No. 8, PageID. 137-138.)  In response, Plaintiff argues that because CCCU and its attorney requested the default judgment that deprived him of his constitutional rights, they are state actors under § 1983.  (ECF No. 17, PageID.171.)  Such an argument would mean that *any* litigant who filed a successful motion could be transformed into a state actor.  The argument is patently frivolous, and the Court should reject it as such.  Every state court litigant and its attorney are not state actors for purposes of 42 U.S.C. § 1983 simply

because they maintained an action in state court; thus Plaintiff cannot maintain a constitutional action against CCCU and its attorney solely on that theory. As Plaintiff has failed to allege any facts, or advance any viable argument, that CCCU and DeLuca are state actors, he cannot maintain a § 1983 claim against them. *Nugent*, 72 F.4th at 139–40. The Court should grant Defendants motion on this basis.

### b. *Res Judicata*

Defendants CCCU and DeLuca also argue that "Plaintiff's complaint is a collateral attack on a previous valid judgment and therefore must be dismissed under the doctrine of *res judicata*." (ECF No. 8, PageID.138.) This argument, too, should be accepted by the Court.

The Full Faith and Credit Act, 28 U.S.C. § 1738, "directs federal courts to 'give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) (citation omitted). "The doctrine of *res judicata* bars a successive action in Michigan if '(1) the prior action was decided on the merits, (2) both actions involve the same parties or privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. (citation omitted).

While Plaintiff claims that he referred to the state court actions "as background information only" (ECF No. 17, PageID.172), the substance of his complaint in fact challenges the outcome of the state court decision. "*Res judicata* applies to default judgments and consent judgments as well as to judgments derived from contested trials." *Staple v. Staple*, 241 Mich. App. 562, 572, 616 N.W.2d 219, 225 (Mich. Ct. App. 2000) (citing *Schwartz v. City of Flint*, 187 Mich.App. 191, 194, 466 N.W.2d 357 (Mich. Ct. App. 1991)); *see also Fresh Start BVBA v. Jaffe Raitt Heuer & Weiss, PC,* No. 21-10315, 2022 WL 722204, *5 n.3 (Mar. 9, 2022) (Leitman, J.) (quoting *Reed Est. v. Reed,* 293 Mich. App. 168, 180, 810 N.W.2d 284, 292 (2011) ("[U]nless it is set aside by the court, a default judgment is absolute and is fully as binding, under the doctrines of estoppel and merger of judgment, and res judicata, as one after appearance and contest.")). Further, there can be no dispute that the CCCU's attorney is a privy of CCCU in this circumstance, and thus Plaintiff and both CCCU and DeLuca constitute the same parties in both actions. And the matter of whether Judge Cunningham properly issued a default judgment could have been decided in the first action before Judge Cunningham by way of a motion for reconsideration or in a state

court appeal. All components of the *res judicata* test are present, and the Court should find that this action is barred by *res judicata*.[3]

As both of the alternative arguments presented by Defendants CCCU and DeLuca have merit, the Court should **GRANT** their motion to dismiss (ECF No. 8).

### 2. Motion to Dismiss filed by Defendant Jacob Cunningham (ECF No. 22).

Defendant Cunningham brings a motion to dismiss based on both the *Rooker-Feldman* doctrine and the doctrine of Judicial Immunity. (ECF No. 22.)[4] The Court should **GRANT** the motion on both bases.

#### a. Judicial Immunity

The Court should first agree that Judge Cunningham is entitled to judicial immunity, and should **GRANT** Defendant's motion on that basis.

---

[3] Although Defendants did not so argue, this case is also subject to dismissal under the *Rooker-Feldman* doctrine. (*See*, *infra*, section III.C.2.a., below.)

[4] Although it is not specified to which of Plaintiff's three complaints the motion to dismiss is directed, Defendant cites portions of the now-stricken improperly filed second amended complaint (ECF 7). The Court should nonetheless consider Defendant's motion as applied to the operative pleading (ECF 6), as the pleadings are substantively nearly identical, the arguments raised in Defendant's motion to dismiss apply equally to the operative pleading, and Plaintiff has been afforded an opportunity to respond to those arguments.

"[S]tate judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). "A long line of [the Supreme] Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id*. at 11 (citations omitted). It is "overcome in only two sets of circumstances[,]" namely, "non-judicial actions" and "actions . . . taken in the complete absence of all jurisdiction." *Id*. (citations omitted).

Plaintiff argues that "Judge Cunningham's actions, which resulted in depriving a citizen of life, liberty, or property without due process of law, cannot be deemed within the scope of his judicial function." (ECF No. 25, PageID.266.) However, judicial acts are those "normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362–63 (1978). Here, Plaintiff asserts that Defendant Cunningham wrongfully granted a motion for default judgment, wrongfully denied a motion to set aside the default judgment, and wrongfully conducted his proceedings in making those two determinations. Deciding motions and presiding over a case are quintessential judicial functions and precisely the type of actions

14

shielded by judicial immunity. Plaintiff simply cannot maintain a suit against a judge because he is unhappy with the outcome or questions a judicial decision.

### b. *Rooker-Feldman*

Even if Judge Cunningham were not entitled to judicial immunity, the Court should nonetheless grant his motion under the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Riser v. Schnieder*, 37 F. App'x 763, 764 (6th Cir. 2002); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608 (6th Cir. 2008) ("[t]he federal district courts do not hear appeals from state courts."). The *Rooker-Feldman* doctrine arose from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). These cases held that lower federal courts do not have subject-matter jurisdiction "to review and reverse unfavorable state-court judgments*." Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). In *Exxon*, the Supreme Court discussed the scope of the doctrine as "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. This is precisely that case.

15

> The *Rooker-Feldman* doctrine applies only "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick*, 451 F.3d at 393. To determine the source of the injury, we must look to the allegations contained in the federal complaint, *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012), and to the plaintiff's request for relief, *Isaacs v. DBI-ASG Coinvestor Fund* (*In re Isaacs*), 895 F.3d 904, 912 (6th Cir. 2018).

*Tubbs v. Long, No*. 22-5127, 2022 WL 13983800, at *3 (6th Cir. Oct. 24, 2022).

Indeed, this action is nothing more than an attempted appeal of the state court action and therefore barred by the related *Rooker-Feldman* doctrine. The state court "background" provided in the complaint provides the entire basis of his federal court action. In order to be successful in his action, Plaintiff would have to show that the state court action was wrong and this Court would have to, in effect, overturn the decision of the Oakland County Circuit Court. As such, the Court should agree that the action is barred by *Rooker-Feldman* and subject to dismissal.

Defendant's motion to dismiss (ECF No. 22) should therefore be **GRANTED** to Defendant Cunningham because he is judicially immune, and, alternatively, because the claims against him are barred under *Rooker-Feldman*.

## IV.   CONCLUSION

Defendant's January 9, 2024 motion to strike (ECF No. 9) is **GRANTED** and Plaintiff's January 3, 2024 Amended Complaint (ECF No. 7) is **HEREBY**

16

**STRICKEN** as improperly filed.  Likewise, Plaintiff's impermissible second response brief (ECF No. 26) is also **STRICKEN** as improvidently filed.  Finally, the Court will **DISREGARD** the January 16, 2024 letter, as it is not in a proper form to request any relief from the Court.  Plaintiff is **DIRECTED** to cease filing or communicating with the Court in letter form.

I recommend that the Court **DENY AS MOOT** Defendant's December 12, 2023 motion to dismiss (ECF No. 5).  I further recommend that the Court **GRANT** Defendant Community Choice Credit Union's January 9, 2024 motion to dismiss (ECF No. 8) and **GRANT** Defendant Jacob Cunningham's February 20, 2024 motion to dismiss (ECF No. 22).

V.   PROCEDURE ON OBJECTIONS

A.   Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

17

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B.     Order on Motion to Strike, Striking Documents, and Disregarding Letter**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated:  August 5, 2024

_____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE